UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-81778-CIV-MARRA

SREAM, INC., a California corporation,

    Plaintiff,
v.

BENGAL STAR, INC., a Florida corporation,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Bengal Star, Inc. ("Bengal" or "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6 (b) and Local Rule 7.1 (a)(1)(J), hereby moves to dismiss Plaintiff Sream, Inc.'s ("Sream" or "Plaintiff") Amended Complaint and all of its counts for lack of standing and for failure to state a claim and sets forth as follows:

After having filed nearly 100 identical lawsuits in the Southern District of Florida since 2015, having multiple Complaints dismissed in this District for lack of standing (the most recent being today), and facing another potential dismissal in this matter as a result of Defendant's original Motion to Dismiss [D.E. 16], Plaintiff has filed an Amended Complaint [D.E. 17] containing the same pitfalls that doom the original Complaint that Plaintiff is attempting to salvage. For the reasons discussed *infra*, the Amended Complaint should be dismissed because of a lack of standing and unlawful use barring the causes of action brought by Plaintiff.

1

# ARGUMENT

### a. Standard of review on motion to dismiss.

A motion to dismiss for lack of standing pursuant to 12(b)(1) goes to the jurisdiction of the court to hear the case. Litigants in federal court must have **standing** in order to be able to bring a claim. *Fed. Deposit Ins. Corp. v. Morley,* 867 F.2d 1381, 1386 (11th Cir. 1989) (J. Torres)(citing *Valley Forge Christian College v. Am. United for Separation of Church and State,* 454 U.S. 464, 471, (1982)). An actual or threatened injury sufficient to meet Article III case-or-controversy "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* quoting *Warth v. Seldin,* 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). The Complaint must set forth such rights.

A motion to dismiss pursuant to federal rule 12(b)(6) tests whether the Plaintiffs have stated a cause of action. *Baker v. Fender*, 614 So.2d 14 (Fla. 3d DCA 1993); *Augustine v. Southern Bell Tel. & Tel. Co.*, 91 So.2d 320 (Fla.1956); *Royal & Sunalliance v. Lauderdale Marine Center*, 877 So. 2d 843, 845 (4th DCA 2004); *Regis Ins. Co. v. Miami Management, Inc.*, 902 So. 2d 966 (4th DCA 2005); *Solorzano v. First Union Mortgage Corp.*, 896 So. 2d 847 (4th DCA 2005). The function of such a motion is to raise as a question of law the sufficiency of the facts alleged to state a cause of action and to test the legal sufficiency of the claim. *See generally*, *Royal & Sunalliance*, 877 So. 2d at 845.

A court must view the complaint in the light most favorable to the plaintiff and assume the veracity of **well-pleaded** factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, the Court need make no such assumption as to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When determining the merits of a motion to dismiss, the trial court's consideration is generally limited to the four corners of the complaint. *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So.2d 204 (Fla. 3d DCA 2003). However, a court will also look to the exhibits attached to the complaint to determine if allegations in the complaint are consistent with specific facts revealed in an exhibit attached to the complaint or referred to therein. *See, e.g., Harry Pepper & Assocs., Inc. v. Lassiter,* 247 So. 2d 736, 736 (Fla. 3d DCA 1971)*.*

### b. *Plaintiff fails to show standing by failing to properly state an interest in the trademarks at issue, and no license is attached to the Amended Complaint.*

To have a legally protectable interest in a trademark, a party must own the mark at the time of filing. *See Visa U.S.A. Inc. v. First Data Corp.*, No. C 02-01786 JSW, 2006 U.S. Dist. LEXIS 18482, 2006 WL 516662, at *7-8 (N.D. Cal. Aug. 16, 2005) (plaintiff "could not have suffered a cognizable injury under Article III because it did not maintain an enforceable right in the trademark it sought to protect"); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777-79 (Fed. Cir. 1996), *amended on other grounds by Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 104 F.3d 1296 (Fed. Cir. 1996) (reversing district court's denial of a motion to dismiss for lack of standing because assignment of trademark rights executed after the suit commenced but whose effective date was before the filing was "not sufficient to confer standing . . . retroactively").

As in its predecessor, Plaintiff's Amended Complaint is based on an alleged exclusive license to three marks from an entity called RooR which Plaintiff now claims is a fictitious name for the alleged owner of the trademark registrations at issue, a person –not an entity—named

3

Martin Birzle ("Birzle").[1] *See* D.E. 17, ¶ 9.  However, as Defendant argued in its original Motion to Dismiss [D.E. 16], the three marks at issue are not registered to RooR, but, rather to Birzle.  We need to know if the license was from Birtzle or RooR.

This strained alternating use of Birtzle and RooR in the complaint makes it impossible to determine if standing is proper.  In its original Complaint, Plaintiff alleged in ¶6 that Plaintiff Sream "conducts business in the State of Florida as 'Roor USA'."  In the Amended Complaint, Plaintiff pleads that it "conducts business in Florida under the Fictitious name 'RooR'." D.E. 17, ¶7. On April 19, 2017, Plaintiff seems to have registered a fictitious name – ROOR – with Plaintiff Sream, Inc. as the owner of said fictitious name.  *See Exhibit B – SUNBIZ fictitious name detail for RooR*.  This contradicts Plaintiff's allegation at ¶9 of the Amended Complaint that Martin Birzle is the individual operating as RooR, and it contradicts the original Complaint that Plaintiff conducted business as "Roor USA."   If it indeed obtained a license from RooR, Sream has given itself a license under the plain terms of its own complaint.

Plainly, the Amended Complaint continues to weave a strange mesh regarding the relationship between Sream, Birtzle and RooR behind which the court's standing cannot be clearly discerned.  **As a result, in a nearly identical matter, this Court demanded to see proof of standing and, instead, Plaintiff filed a Motion for Leave to Amend Complaint**.  *See Sream, Inc. v. Two Brothers Investment of Palm Beach, Inc.*, Case No. 16-cv-81780-MARRA, D.E. 17 (April 11, 2017) (HON. K. MARRA) ("Given that subject matter jurisdiction is at issue, the Court cannot allow this case to linger unnecessarily until summary judgment if Plaintiff does not have standing. **The proper course of action is for Plaintiff to produce evidence for the Court's consideration on the standing issue**.") (emphasis added).

---

[1] According to Wikipedia "RooR is a Frankenthal-based company that produces high-end borosilicate jointed-glass bongs." https://en.wikipedia.org/wiki/RooR.

As with the original Complaint, no license agreement is attached to the Amended Complaint even after this Court was clear to Plaintiff in another matter that it had to produce proof of its standing in that case. Again, the registrations at issue, which Plaintiff does not attach to the Amended Complaint, are not in the name of an entity named RooR, but, rather, in the name of Martin Birzle, an Individual citizen of the Federal Republic of Germany said to reside at Am Rosengarten 3 Frankenthal Fed Rep Germany 67227. *See the USPTO record, assignment page and certificate for registration 3,675,839 Exhibit A1, registration 2,307,176 Exhibit A2 and registration 2,235,638 Exhibit A3*.[2]  There is no assignment recorded with the USPTO and no license or assignment from the trademark owner is attached to the Amended Complaint. In light of the contradictions between the original Complaint and the Amended Complaint, the bald allegations of ¶ 12 of the Amended Complaint that Plaintiff has a license for the ROOR Mark do not rise to the level of a satisfactory pleading of standing, especially given the contradiction between other public records and the allegations of the Amended Complaint (discussed *infra*). Accordingly, Plaintiff has failed to plead a cause of action for infringement of the marks at issue and the Amended Complaint should be dismissed.

   c. ***Plaintiff's trademark claims in Florida are barred by the "Unlawful Use Doctrine."***

Regardless how the mystery of the alleged RooR fictitious name is eventually resolved, Sream's recent registration of the name in Florida does not solve the problem of lawful use. Sream registered the fictitious name RooR in Florida on April 19, 2017. However, the use of the

---

[2] Although the USPTO trademark information and certificate for these marks are not attached to the Amended Complaint the Court can take judicial notice of a federal trademark registrations. *It's a 10, Inc. v. Beauty Elite Grp., Inc.,* No. 13-60154-CIV, 2013 U.S. Dist. LEXIS 179596, at *35 (S.D. Fla. Dec. 23, 2013); *Food Mktg. Merch. v. Cal. Milk Processor Bd.*, No. 15-cv-1758 (LAK), 2015 U.S. Dist. LEXIS 69010, at *2 n.2 (S.D.N.Y. May 7, 2015)(taking judicial notice of USPTO database records).

mark in commerce prior to that time, the use at all times when the facts alleged in Amended Complaint occurred, are premised upon facts that predate the registration: alleged use of the ROOR Mark in commerce by Plaintiff at the time of the alleged sale of allegedly counterfeit goods (which, according to Plaintiff, gives rise to trademark infringement, trademark counterfeiting, unfair competition, and deceptive trade practices). Given that registration of the fictitious name by Plaintiff occurred on April 19th, 2017,[3] the use in commerce discussed in the Amended Complaint cannot form the basis of this suit because the use was inherently unlawful as a matter of law.

"Use in commerce" means "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 USC § 1127. Trademark rights, either at common law or under the Lanham Act, are acquired and maintained only by lawful use. *Cameo, Inc. v. Plough, Inc.*, No. C73-177, 1975 U.S. Dist. LEXIS 14527, at *10 (N.D. Ohio Jan. 3, 1975); *See also, Universal Mfg. Co. v. Douglas Press, Inc.*, No. 89 C 3354, 1992 U.S. Dist. LEXIS 7231, at *1 (N.D. Ill. May 14, 1992). To assert trademark protection, the prior use upon which the trademark registration was based must have been lawful. *Erva Pharmaceuticals, Inc. v. American Cyanamid Co.*, 755 F.Supp. 36, 39 (D. Puerto Rico 1991)(unlawful use has its origins in the common-law doctrine of unclean hands). Trademark rights are acquired and maintained only by lawful use. *Universal Mfg. Co. v. Douglass Press*, 1992 WL 106822 at *2. "The registration of a mark that does not meet the use requirement is void ab initio." *Id*. (holding that Airflite's registered service mark registered 30 years' prior was void because Airflite never met the use requirement when registered).

Florida Statutes § 865.09(3) specifically provides that "[a] person may not engage in business under a fictitious name unless the person first registers the name with the division by

---

[3] Defendant does not concede that the fictitious name filed by Plaintiff is proper in any way. Indeed, evidence and the relevant pleadings shows it is not.

filing a sworn statement." Subsection 9(c) states that a violation of the statute constitutes "a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083." By previously failing to comply with this statute, Plaintiff, if it has any rights to the marks at all, has engaged in unlawful use of the mark in Florida commerce at the time of the alleged infractions complained of. The unlawful use defense thus bars the instant action, regardless of whatever appropriate use Plaintiff may be able to make in the future (if any). *See e.g.*, *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 190 (S.D.N.Y. 2007) ("The unlawful use defense—which has its origins in the common law doctrine of 'unclean hands'—is therefore a way of preventing the government from having to extend the benefits of trademark protection to a seller who violates that government's laws."); *Clorox Co. v. Armour-Dial, Inc.*, 214 U.S.P.Q. 850, 851 (T.T.A.B. 1982) (holding that "'use in commerce' means a 'lawful use in commerce'"); *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 628 (9th Cir. 2007) ("in order to acquire priority, a 'use in commerce' means a lawful use—here, a use compliant with federal labeling requirements"); *In re Midwest Tennis & Track Co.*, 29 U.S.P.Q.2d 1386, n.2 (T.T.A.B. 1993) ("It is settled that the Trademark Act's requirement of 'use in commerce,' means a 'lawful use in commerce,' and [that the sale or] the shipment of goods in violation of [a] federal statute … may not be recognized as the basis for establishing trademark rights."); *Coahoma Chem. Co. v. Smith*, 113 U.S.P.Q. 413 (Comm'r Pats. 1957) (holding that "use of a mark in connection with unlawful shipments in interstate commerce is not use of a mark in commerce which the Patent Office may recognize" and ordering cancellation of registrations where shipments using the registered mark violated the Federal Economic Poisons Act), *aff'd*, 264 F.2d 916 (C.C.P.A. 1959).

While it is true that district courts give leave to amend freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave to amend a complaint is futile when the complaint as amended

would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Muhammad v. JPMorgan Chase Bank, N.A.*, 567 Fed. Appx. 851, 853-54 (11th Cir. 2014) (upholding denial of leave to amend complaint as futile and citing to *Cockrell v. Sparks*, 510 F. 3d 1307, 1310 (11th Cir. 2007)). In the instant case, additional amendments would still be futile because Plaintiff cannot show lawful use in Florida commerce at any time prior to or even after filing the Amended Complaint (or even the original Complaint). Because there is no way that Plaintiff can cure the unlawful use, the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant BENGAL STAR, INC. respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice. Defendant also prays for an award of attorney's fees, costs, and any other relief that is just and proper.

Respectfully submitted,
By: /s/Robert R. Jimenez
Jorge Espinosa
Fla. Bar No. 779032
jespinosa@etlaw.com
Robert R. Jimenez
Fla. Bar. No. 72020
rjimenez@etlaw.com
**ESPINOSA TRUEBA MARTINEZ, PL**
1428 Brickell Avenue, Suite 100
Miami, Florida 33131
Tel: (305) 854-0900
Fax: (855) 854-0900
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: __/s/Robert R. Jimenez__
Robert R. Jimenez

## SERVICE LIST

*Sream, Inc. v. Bengal Star, Inc.*
Case No.:  16-81778-CIV-MARRA
United States District Court, Southern District of Florida

Jorge Espinosa
Florida Bar No.  779032
jespinosa@etlaw.com
Robert R. Jimenez
Florida Bar No.  72020
rjimenez@etlaw.com
**ESPINOSA TRUEBA MARTINEZ, PL**
1428 Brickell Ave., Suite 100
Miami, Florida  33131
Tel:     (305) 854-0900
Fax:    (855) 854-0900
**Via CM/ECF**

Richard M. Morris
Florida Bar No.: 116441
Serv548@LegalBrains.com
Kendrick Almaguer
Florida Bar No.: 55323
Serv518@LegalBrains.com
**THE TICKTIN LAW GROUP, PLLC.**
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760
**Via CM/ECF**